IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1)   KARISSA SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIV-15-** 1305-L |
| **v.** | ) | |
| | ) | |
| **(1)   C.K.L.C., LLC, d/b/a CREATIVE** | ) | |
| **KIDS LEARNING CENTER,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Karissa Smith, and for her causes of action against

Defendant herein alleges and states as follows:

### PARTIES

1.      Plaintiff Karissa Smith ("Plaintiff") is an adult female, residing in Cleveland

County, Oklahoma.

2.      Defendant C.K.L.C, LLC d/b/a Creative Kids Learning Center is a limited

liability company conducting business in and around Cleveland County, State of Oklahoma.

### JURISDICTION AND VENUE

3.      Plaintiff's causes of action are based on (a) disability discrimination and

retaliation in violation of the ADA/ADAAA; (b) wrongful discharge in violation of state law

which prohibits terminating an employee for engaging in whistle-blowing activities; (c)

retaliatory discharge in violation of the Oklahoma Children's Code which prohibits

employers from discriminating or retaliating against an employee for reporting suspected

1

child abuse or neglect; (d) false statements as to conditions of employment in violation of 40 O.S. §§167, 170; (e) breach of contract; and (f) blacklisting.

4.      Jurisdiction over Plaintiff's federal claim is vested in this Court under 28 U.S.C. §1331.  Supplemental jurisdiction over Plaintiff's state law claims is vested in this Court under 28 U.S.C. §1367 (a), as the state law claim arise under the same operative facts as the federal claims.

5.      To the extent required, Plaintiff has exhausted her administrative remedies as to the above-listed claims.  Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 27, 2015. The EEOC issued a notice of right to sue dated on or about September 17, 2011 and received by Plaintiff by mail thereafter.  Plaintiff has timely filed her complaint within ninety (90) days from the date of her receipt of her notice of right to sue.

6.      Defendant is located and can be served in Cleveland County and all acts complained of occurred in or around Cleveland County.  Cleveland County is located within the Western District of the United States District Court of Oklahoma.  Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7.      In or around mid-December 2012, Plaintiff applied and was interviewed for employment with Defendant.  At the conclusion of the interview, Director Julie Thomas ("Thomas") offered Plaintiff (who held other employment at the time) a position as a Pre-K

teacher.  Thomas told Plaintiff that based on her experience, per the pay scale (set by owner Stephen Chu), Plaintiff would be paid at a rate of $12.50 per hour if Plaintiff accepted employment.

8.      In light of such representations, Plaintiff accepted the offer and resigned her job (where she earned approximately $1,500.00 net wages per month in addition to benefits).

9.      Plaintiff then began working with Defendant on or about December 26, 2012. However, on or about Plaintiff's first day of work (after Plaintiff resigned her other job), Thomas told Plaintiff that per Chu, Plaintiff would be paid only $10.25 per hour (without benefits), rather than $12.50 per hour as promised.  Thomas stated, though, that upon Plaintiff completing her ninety (90) day probationary period, Plaintiff would receive a pay raise to $12.50 per hour.

10.     Despite Thomas' assurances, Plaintiff was not paid as Thomas promised.  After having been employed for more than ninety (90) days, Plaintiff questioned Thomas about her review.  Thereafter, Thomas told Plaintiff that she (Thomas) completed Plaintiff's review and that Plaintiff would receive a raise, indicating that Plaintiff's performance was satisfactory. However, rather than increasing Plaintiff's pay to $12.50 as promised, Plaintiff was only given a $0.60 increase (to $10.85 per hour).

11.     Plaintiff, who was diagnosed with Fibromyalgia in or around 2006, is a qualified individual with a disability, in that her condition substantially limits her ability to perform one or more major life activities, including but not limited to eating, sleeping,

concentrating, sitting, standing, walking and performing manual tasks requiring lifting, pushing, pulling, climbing and fine motor skills.  Plaintiff's condition further impacts one or more of her internal bodily processes, including but not limited to her musculoskeletal, cardiovascular, nervous, digestive and excretory systems.

12.     At all times relevant hereto, however, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.  In fact, she was consistently recognized for her good work performance, receiving multiple merit pay increases (though never receiving $12.50 per hour, as was offered and accepted).

13.     Due to Plaintiff's disability, she would occasionally need to take additional breaks to use the restroom, as Irritable Bowel Syndrome is a symptom of her condition.

14.     When Plaintiff needed to use the facilities, she would call the front office and ask for someone to cover her classroom so that she could leave and the students would be appropriately supervised, consistent with State-required ratio of students to teachers.

15.     However, frequently when Plaintiff called the office, she was told to go ahead and use the restroom and was not provided with a relief person, which would have left the teacher with whom Plaintiff shared a classroom to supervise two classes of children in violation of the State-required ratio of students to teachers.

16.     Plaintiff complained she was not being provided accommodations in the form of a relief person which would cause a violation of the student-teacher ratio.  In fact, Plaintiff expressed such concerns during a staff meeting (in which Thomas and owner Steven Chu

4

were present).  However, Plaintiff was not afforded a relief person.

17.     In or around early-March 2015, Thomas (who was aware of Plaintiff's medical condition and her need for bathroom breaks) issued Plaintiff a written warning for taking extended bathroom breaks.  Plaintiff refused to sign the write-up and wrote a two page rebuttal, detailing that the bathroom breaks were due to her disability and pointing out that she called the office when she needed to use the restroom as directed.

18.     Around that same time, Plaintiff began to notice that one of her students was exhibiting behaviors indicative of what Plaintiff suspected to be some form of sexual abuse. Therefore, Plaintiff notified Thomas and completed incident reports, as well as advising the child's parents of such behaviors.

19.     Plaintiff also reported the suspected abuse to the Oklahoma Department of Human Services ("DHS"), via the statewide centralized hotline, on or about March 29, 2015. At that time, Plaintiff learned Defendant had failed to report the suspected abuse to DHS as it was obligated to do once Plaintiff had reported the suspected abuse to Defendant.

20.     On or about March 31, 2015, DHS conducted on-site interviews.  Afterwards, Defendant dis-enrolled the child in question.  Upon questioning Thomas as to why the child was dis-enrolled, Thomas told Plaintiff that owner Steven Chu wanted the child gone, that the child was "too much of a liability."

21.     On or about April 3, 2015, Chu called a meeting, demanding to know who reported the suspected abuse to DHS.

22.     On or about April 8, 2015, Chu called Plaintiff into a meeting, expressing his alleged concern with how she operated her classroom and telling Plaintiff that she could have handled the matter with the child "more professionally," showing his knowledge that Plaintiff was the one who reported the matter to DHS.

23.     Plaintiff had never before been disciplined about her teaching style. And, she understood there was a requirement to report suspected abuse to DHS.

24.     Two (2) days later, on or about April 10, 2015, Chu fired Plaintiff.  Chu called Plaintiff into a meeting, presented her with a typed letter he prepared and told her that he did not feel the situation with the child was handled appropriately.  Chu stated that if Plaintiff would sign the letter, he would pay her two (2) weeks severance.  However, when Plaintiff refused, she was fired.

25.     Significantly, Plaintiff followed proper procedure in reporting the suspected abuse of the child.  She reported the suspected abuse internally and to DHS consistent with the Oklahoma Children's Code.

26.     By comparison, however, other employees have been allowed to continue their employment despite failing to follow procedure.   For example, teachers have been investigated for suspected intoxication at work, yet they were not fired.

27.     After Plaintiff was fired, she applied for employment with various child care facilities advertising for teacher openings.  Upon interviewing for the same, Plaintiff's prospects for employment appeared promising.  In fact, one facility offered her employment

pending an employment/background check.  However, Plaintiff (who listed her employment with Defendant on her application) has been denied employment.  And, the positions for which she has applied and interviewed remained open.

28.     Upon information and belief, Defendant, through its agents and/or employees, gave negative references in retaliation for Plaintiff having reported suspected abuse to DHS, with the intent and for the purpose of preventing Plaintiff from securing similar or other employment, thereby interfering with Plaintiff's ability to become employed in a reasonably comparable position and causing further harm to Plaintiff.

29.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries described below.

## COUNT I: ADA/ADAAA

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

30.     The matters alleged above constitute discrimination and retaliation based on known, a record of and/or perceived disabilities in violation of the ADA/ADAAA as described above.

31.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries and damages, including past and future lost wages, emotional distress and other non-monetary losses.

32.     Defendant's actions were willful, wanton and/or conducted in a reckless

disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## COUNT II: *BURK* TORT

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and  states as follows:

33.    The acts above-described constitute a violation of Oklahoma's public policy which prohibits wrongful termination and retaliation against a whistle-blower for performing an act consistent with a clear and compelling public policy, i.e., refusing to participate in an illegal activity; performing an important public obligation; exercising a legal right or interest; exposing some wrongdoing by the employer; and performing an act that public policy would encourage or, for refusing to do something that public policy would condemn.

34.    Plaintiff has suffered injuries and is entitled to recovery all damages or other relief allowed by state law, including but not limited to, lost wages (past and future), emotional distress damages, punitive damages, and attorney's fees and costs.

## COUNT III: VIOLATION OF THE OKLAHOMA CHILDREN'S CODE

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:.

35.     The acts described above constitute a violation of the Oklahoma Children's Code, Okla. Stat. tit. 10A § 1-2-101, which prohibits employers from discriminating or retaliating against an employee for reporting suspected child abuse or neglect.

36.    Plaintiff has suffered injuries and is entitled to recovery all damages or other

relief allowed by state law, including but not limited to, lost wages (past and future), emotional distress damages, punitive damages, and attorney's fees and costs.

## COUNT IV: FALSE STATEMENTS AS TO CONDITIONS OF EMPLOYMENT

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

37.    The acts described above constitute false statements as to conditions of employment in violation of Okla. Stat. tit. 40 § 167, in that Defendant induced, influenced and persuaded Plaintiff to change employment by means of false representations concerning the amount and character of compensation to be paid for such work.

38.    As damages, Plaintiff is entitled to all damages allowed by state law.

## COUNT V: BREACH OF CONTRACT

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

39.    The acts described above constitute a breach of contract.

40.    Defendant offered to pay Plaintiff $12.50 per hour, which Plaintiff accepted, thereby forming a contract.

41.    Defendant breached the contract by failing to pay Plaintiff as agreed.

42.    Plaintiff suffered damages as a direct result of the breach.  As damages, Plaintiff is entitled to all damages allowed by state law.

## COUNT VI: BLACKLISTING

For her sixth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

43.     The acts of Defendant described above constitute blacklisting in violation of Okla. Stat. tit. 40 § 172.

44.     As damages, Plaintiff is entitled to all damages allowed by state law.

### REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendant and award damages, including, but not limited to, back pay, future wages, compensatory damages, interest (pre-and post-judgment), costs, attorney fees, punitive damages and such other relief as this Court may deem appropriate.

**RESPECTFULLY SUBMITTED THIS <u>24th</u> DAY OF NOVEMBER 2015.**

s/Jana B. Leonard
**LEONARD & ASSOCIATES, P.L.L.C.
JANA B. LEONARD, OBA # 17844
SHANNON C. HAUPT, OBA # 18922
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800     TELEPHONE
(405) 239-3801     FACSIMILE
leonardjb@leonardlaw.net
haupts@leonardlaw.net**

**JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED**